UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                             Plaintiff,<br><br>v.<br><br>ANDREW NOVAK,<br><br>                             Defendant. | Crim. No. 10-0220 (TFH) |

## MEMORANDUM OPINION

This matter is before the Court to determine whether a certificate of appealability ("COA") is warranted. This Court denied pro se defendant Andrew Novak's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 by Memorandum Opinion and Order of March 29, 2016 [ECF Nos. 42 & 43]. On May 16, 2016, defendant filed a Notice of Appeal and Application for a COA [ECF Nos. 44 & 45] in which he asserts that this Court abused its discretion by denying his motion without conducting an evidentiary hearing. The Notice of Appeal was transmitted to the United States Court of Appeals for the District of Columbia Circuit and, on June 1, 2016, the court of appeals issued an Order [ECF No. 47] holding the case in abeyance pending this Court's resolution of defendant's application. After carefully considering the entire record in this case and for the reasons provided below, the Court will deny defendant's application for a COA.

A defendant must seek a COA to appeal a final order in a proceeding under section 2255. *See* 28 U.S.C. § 2253(c)(1) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255."). The Court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, the applicant must "show[] that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (internal quotation marks omitted) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

The sole issue defendant presents in his application is "[w]hether the District Court abused its discretion in deciding [defendant's] 2255 motion without conducting an evidentiary hearing prior to entering judgment." Application for a COA 2. Defendant contends that because this Court ordered the government to respond to his motion under section 2255, he was entitled to an evidentiary hearing. *Id.* at 4-5. To the contrary, however, regardless whether the Court orders the government to respond to a motion under section 2255, the Court need not hold an evidentiary hearing, where, as here, the Court concludes that "'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Novak*, Crim. No. 10-0220 (TFH), 2016 WL 1305291, at *4 (D.D.C. Mar. 29, 2016) (quoting *United States v. Morrison*, 98 F.3d 619, 625 (D.C. Cir. 1996)); *see generally United States v. Baxter*, 761 F.3d 17, 22-23, 24 n.5 (D.C. Cir. 2014) (noting that the government filed a response

to the defendant's motion under section 2255 and finding "no warrant for granting a certificate of appealability" on the issue whether the district court abused its discretion by failing to grant an evidentiary hearing prior to denying motion), *cert. denied*, 135 S. Ct. 1477 (2015).

Furthermore, to the extent defendant otherwise suggests that the Court erred in denying his motion under section 2255, the Court concludes that reasonable jurists could not debate whether the Court should have resolved the motion in a different manner than it did here, that is, by concluding that (1) defendant failed to demonstrate that counsel's performance was deficient where, even assuming, as defendant asserted in his motion, that counsel chose not to investigate or argue certain defenses and instead focused on negotiating a plea agreement, such decisions were not outside the wide range of professionally competent assistance given the implausibility of said defenses and the fact that defendant had confessed to federal authorities, and (2) even assuming counsel's performance was deficient for the reasons proffered by defendant, he failed to demonstrate prejudice (*i.e.*, a reasonable probability that but for counsel's deficiencies, defendant would not have pleaded guilty and would have insisted on going to trial) given the strength of the government's evidence in light of defendant's confessions and disclosures to federal authorities; the weakness of his implausible defenses; and the additional exposure he would have faced had he elected to proceed to trial. *Novak*, 2016 WL 1305291, at *2-4 (citing, *inter alia*, *Strickland v. Washington*, 466 U.S. 668, 687, 690-91 (1984)). In sum, defendant has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Slack, supra*.

For the foregoing reasons, the Court will deny defendants' Application for a COA [ECF No. 45]. The Clerk of the Court will be directed to promptly notify the United States Court of Appeals for the District of Columbia Circuit of this Court's decision. An appropriate order will accompany this opinion.

June 16, 2016

Thomas F. Hogan
Senior United States District Judge